IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT E. HUNT, JR., | ) | 4:98CV3254 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| HAROLD W. CLARKE, Director, State of Nebraska Department of Correctional Services, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

On March 26, 2008, this court entered a Memorandum Opinion and Judgment granting habeas corpus relief. Filing Nos. 151 and 152. Defendant filed a notice of appeal, Filing No. 153, and thereafter filed a motion to stay the judgment in this case pending the appeal. Filing No. 154. The plaintiff has not responded to the motion for stay.

Under the Federal Rules, "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must–-unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–-be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c). Rule 23(c) creates a presumption of release from custody in such cases but the presumption may be overcome if the judge rendering the decision, or an appellate court or judge, "otherwise orders." *Hilton v. Braunskill,* 481 U.S. 770, 774 (1987). A court has broad discretion in making this determination. *Id. at 775.* The general standards for staying a civil judgment are applied. *Id.* at 776; see Fed. R. Civ. P. 62(c); Fed. R. App. P. 8(a).

Pursuant to those standards, the court considers the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 776. If the State establishes that there is a risk that the prisoner will pose a danger to the public if released, the court may take that factor into consideration. *Id.* Further, "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* at 777. Moreover, balance between the substantial interest of a habeas petitioner in release pending appeal and the State's interest in protection of public safety and continuing custody "may depend to a large extent upon determination of the State's prospects of success in its appeal." *Id.* at 778 (noting that continued custody is permissible if the State establishes a "strong likelihood of success on appeal," or "demonstrate[s] a substantial case on the merits," and the factors of irreparable harm to the petitioner and the public interest both militate against release). "Where the State's showing on the merits falls below this level, the preference for release should control." *Id.*

The court finds, in applying those factors, that the State has made a showing to overcome the presumption favoring release.[1] First, the court notes that the State has not

---

[1] The court notes that the State did not file a brief in support of its motion to stay. The court suggests that in cases as serious as this one, in the future the State should consider filing a brief and accompanying documents to support its motion for stay. Otherwise, the court will have no choice but to deny the stay. Consequently, the court is making this decision based on the merits of the case as set forth in its memorandum and order.

established a strong likelihood of success on appeal. The conduct in this case is egregious, but at most, Hunt will be entitled to a new trial prior to his release. Moreover, the court finds that there is no great potential for irreparable harm to Hunt who has already received a life sentence in this case. The State's interest in Hunt's continued incarceration for the length of his remaining term can be afforded great weight, given the length of Hunt's lifetime sentence. The court also finds that the interests of the public favor permitting the stay while this case is on appeal.

   Accordingly,

IT IS ORDERED that the State's motion for a stay, Filing No. 154, is granted.

DATED this 16th day of May, 2008.

BY THE COURT:

s/ Joseph F. Bataillon  
Chief District Judge